# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MARK THURMAN                                                                                     PLAINTIFF
ADC #151278

V.                                        NO: 5:16CV00080 JLH/PSH

CHARLES BYNUM *et al*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Mark Thurman, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on March 15, 2016, alleging that defendants Charles Bynum of the ADC's Delta Regional Unit, and Allen Lynch and Duncan of the ADC's Varner Unit, have not given him his personal property after he transferred from the Delta Regional Unit to the Varner Unit.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

1

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Thurman alleges in his complaint that he was transferred from the Delta Regional Unit to the Varner Unit on December 28, 2015. He states that when he arrived at Varner, a portion of his property, including mail, religious material, headphones, and shoes, was not returned to him, and had not been returned as of the date he signed his complaint (Doc. No. 1). Defendants' alleged taking of Thurman's personal property is not an actionable constitutional claim because he may pursue relief before the Arkansas Claims Commission. *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property,

individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy). Accordingly, Thurman's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Thurman's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 20th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE